plaintiff of declarations by Davis cannot be urged in argument when not covered by any ground of appeal, and when in fact such declarations were ruled out.

3. The trial judge charged the jury "that after plaintiff had shown a legal title to the land in dispute, a defendant who claims by adverse possession, before he can defeat plaintiff's claim, must show that he has had the open, notorious, hostile, and continuous possession for the full time required by the statute." The third ground of appeal complained of this charge, and in overruling it the court say: "The third ground, as we gather from the argument here, is rested upon the alleged improper use of the word 'notorious' by the judge in defining adverse possession to the jury; the claim being that, in this case, it would be sufficient if the adverse possession of defendant was known to J. B. Davis, and that it need not be notorious. An examination of the judge's charge will show that the judge, in speaking of this particular case, did say to the jury that if the defendant went into possession of this land by permission of Davis, she could not claim it adversely to him, or those claiming under him, unless she showed that such permissive occupancy had terminated, and that she was claiming the land as her own, and that 'at some time and in some way the knowledge of this fact must become known to Maj. Davis,' which, as it seems to us, fully meets appellant's objection. The sentence in which the objectionable word 'notorious' was used was a statement of the general rule, which was unquestionably stated correctly, as may be seen by reference to the case of *Hill* v. *Saunders*, 6 Rich., at page 67, as well as many other cases which might be cited to the same effect. Considering, therefore, the judge's charge as a whole, as it must be considered, there is no ground for the error imputed to it in the third ground of appeal."

Judgment affirmed. OPINION by MR. CHIEF JUSTICE MC-IVER, March 2, 1892. *S. Wilson*, for appellant. *Duncan & Sanders*, contra.

No. 2889. PEEPLES *v.* MCTEER. November Term, 1891. This was an action to recover damages from defendant for cutting timber on plaintiff's land. It was conceded that defendant had purchased all the pine timber on this land, but plaintiff contended that defendant had removed his mills, discontinued his

clearing, and abandoned his contract.   The trial judge (WAL-LACE), after instructing the jury that a contract between two parties implied the meeting of their minds on the terms of such contract, proceeded as follows: "A contract can be destroyed, can be rescinded, in exactly the same way.   The very moment the meeting of the minds is completed, and it is understood between the parties that the contract is ended now and forever, it is so ended.   It may be done by conduct as well as by words. That is the legal principle.   You apply it here.   Was it the understanding of the parties, Mr. McTeer and Mr. Peeples, when Mr. McTeer moved away his mill and tore up his tramway, that that contract was ended—was destroyed?   If so, if their minds so met, then that contract is ended.   Did Mr. McTeer, in his mind, understand that all his rights under that contract were renounced and abandoned?   If so, they were, and the contract was gone.   So soon as there is a mutual meeting of minds, a mutual understanding of a dissolution of a contract, the contract is destroyed and dissolved, and all rights under it fall with it. You are to say from the testimony whether or not Mr. McTeer, when he went away from that place, did intend to renounce all rights under that contract, and Mr. Peeples so understood."

Verdict was for defendant, and plaintiff appealed.

*W. S. Tillinghast,* for appellant.   *A. M. Youmans,* contra.

The court say the only disputed question in the case "mani-festly was whether the written contract, under which defendant claimed the right to cut the timber, had been abandoned or ter-minated by the agreement of the parties; and that was a pure question of fact, which the jury were explicitly instructed that they were to determine from the testimony as to the acts as well as the declarations of the parties.   From the connection in which the words, 'It may be done by conduct as well as by words,' were used, the jury could not fail to undersand that an agreement to abandon or terminate a contract might be evidenced by acts as well as by words."   Judgment affirmed.   OPINION by MR. CHIEF JUSTICE McIVER, March 9, 1892.

No. 2896.  HIOTT *v.* PIERSON.   November Term, 1891.   The only point involved in this appeal was whether the trial judge